# Crain v. Louisville & Nashville Railroad Company.

(Decided October 10, 1922.)

## Appeal from Jefferson Circuit Court (Common Pleas, Second Division).

Trial—Instructions—Peremptory Instructions.—It is not the duty of the trial court to give a peremptory instruction upon a second trial of a case simply because this court reversed the judgment with directions to the trial court to give a peremptory instruction in favor of defendant if the evidence is in substance the same upon certain points, where the plaintiff has on the second trial materially strengthened his evidence by the witnesses who prove facts that were absent upon the first trial.

THOMAS C. MAPOTHER for appellant.

WOODWARD & WARFIELD and R. P. HOBSON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

For a full statement of the facts see opinion on the first appeal of this case, 189 Ky. 431.

On the first appeal of this case we held that the evidence was insufficient to warrant the court in submitting the case to the jury as to the two delays complained of—the one in failing to furnish the stock cars and the other in failing to promptly transport the shipment after the cattle had been loaded—for the reason that the evidence showed that the cars for the shipment of live stock were brought by incoming trains into the Louisville yards loaded with live stock from various points and were available immediately upon being unloaded, and that this was the only source of supply of such cars, and as the then prevailing weather conditions interfered there were no loaded cars brought into Louisville, and as a consequence there were no cars in Louisville available for carrying appellant's stock from Mitchellsburg to Louisville. This ruling was based upon the failure of the evidence to show on the first trial that the railroad company was able, in spite of the snow storm and inclement weather, to carry shipments of live stock into the city, and that this live stock was unloaded, making empty cars available. The record upon this appeal contains the testimony of several new witnesses giving evidence tending in substance to show that on December 9, 1917, at the

time the first cars were ordered by appellant Crain, there were 81 such empty cars in the Louisville yards; that on the 9th day of December 97 loaded cars came into Louisville and only 37 loaded cars were sent out; that on the 10th no cars came in and no cars went out; that on the 11th, 14 cars came in and 51 went out; on the 12th, 28 cars came in and 11 went out; on the 13th, 29 cars came in and 31 went out; on the 14th, 60 came in and 29 cars went out. It, therefore, reasonably appears that, after deducting a reasonable number of cars shopped, there were empty stock cars in Louisville yards on the days on which appellant ordered the cars. It is also shown that a number of freight trains ran between Mitchellsburg and Lebanon Junction on each of the days in question and a greater number ran between Lebanon Junction and the city of Louisville on the same days. It is further shown that the time consumed in transporting a car under ordinary conditions between Mitchellsburg and Louisville is five or six hours, but that the time occupied in transporting the stock in question was very much greater than that usually employed in carrying such shipments between the two points; that a reasonable time for the placing of cars at Mitchellsburg for the shipment of live stock after an order is placed therefor is twenty-four hours, and that the time occupied by the railroad company in performing this service was very much greater than this; that the time occupied in transporting the live stock of appellant from Mitchellsburg to the stockyards in Louisville was very much greater than that usually and ordinarily employed in making similar shipments of stock; that the stock lost weight and some died in consequence of the delay. In addition to the foregoing facts it is shown that the weather conditions were very bad; there were about fifteen inches of snow and the thermometer went down to or below zero; that the tracks were frozen and clogged with snow and that it was difficult to operate trains.

Whether a shipment, such as the one under consideration, was made with reasonable promptness, and whether the railroad company supplied the cars for loading at Mitchellsburg with reasonable dispatch, under all the circumstances, was a question of fact for the jury under the evidence produced upon the last trial. The court, therefore, erred to the prejudice of the substantial rights of appellant Crain in directing a verdict for appellee rail-

road company upon the damages alleged to have occurred through the two delays, one in failing to furnish the cars and the other in failing to promptly transport the shipment. The opinion upon the first appeal is the law of the case, and as it states the facts of the case and covers all other questions involved, it will be unnecessary for us to further discuss the litigation.

The judgment reversed for proceedings consistent with this and the former opinion.